UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

STANLEY JULES JOHNSON                                    CIVIL ACTION

VERSUS                                                           NO. 19-13554

LOUISIANA DEPARTMENT OF                            SECTION "R"(2)
CORRECTIONS, ET AL.

REPORT AND RECOMMENDATION

     This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing § 2254 Cases.   Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary.[1]   For the following reasons, I recommend that the petition for habeas corpus relief be **DISMISSED WITH PREJUDICE** as successive and an abuse of the writ.

I.     **FACTUAL BACKGROUND**

     The petitioner, Stanley Jules Johnson, is a convicted inmate incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[2]   The record produced by the State does not include the underlying state criminal trial record from the 32nd Judicial District Court for Terrebonne Parish,

---

[1] Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner shows either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (*id*. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence (*id*. § 2254(e)(2)(A)(ii)) *and* the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.   *Id*. § 2254(e)(2)(B).

[2] ECF No. 4, at 1.

Louisiana, or any records related to Johnson's direct appeal.[3]   The court will borrow a portion of the state procedural history adopted by this court in Johnson's prior federal habeas proceeding:

> On May 28, 1975, Johnson was indicted by a St. John the Baptist Parish in Case No. 64963 on one count of attempted armed robbery, Case No. 64964 on one count of armed robbery, and Case No. 64965 with one count of armed robbery. His alleged co-perpetrator, Leonard Washington, was also indicted in three other St. John the Baptist Parish cases with the same charges.   After a joint trial held in Terrebonne Parish, both Johnson and Washington, his co-defendant, were found guilty as charged on each count.
> The state trial court sentenced Johnson on March 17, 1976, to serve concurrent sentences of forty-eight (48) years in prison for attempted armed robbery and ninety-nine (99) years in prison on each count of armed robbery to be served without benefit of parole, probation or suspension of sentence.   The court also ordered that the sentence for armed robbery in Case No. 64964 be served consecutive to a ninety-nine (99) year sentence Johnson received on March 3, 1976, in Case No. 75-706 "F" in the United States District Court for the Eastern District of Louisiana for bank robbery and murder.   His state convictions and sentences were affirmed on July 1, 1977, on direct appeal to the Louisiana Supreme Court.[4]

At the time of his arrest on the foregoing charges, Johnson was on parole granted to him on July 24, 1973, in connection with another state criminal conviction for simple robbery in Orleans Parish.[5]   He was to remain on parole until March 24, 1976, unless a violation and revocation occurred before that date.[6]   After his arrested, on June 12, 1975, the Louisiana Board of Pardons and Parole found grounds to revoke his parole and issued a warrant for his arrest and return to the Louisiana State Penitentiary.[7]   The record refers to but does not contain a copy of a Notice of Parole Board Revocation dated March 15, 1976.[8]   According to correspondence from

---

[3] Despite the State's failure, the court has sufficient other information in the state court records and attached to the federal pleadings to address thoroughly the rest of the petition.

[4] *Johnson v. Cain*, Civ. Action No. 15-310, 2015 WL 10438640 at *1 (E.D. La. Jun. 4, 2015) (footnotes omitted), *adopted*, 2016 WL 892610 at *1 (E.D. La. Mar. 9, 2016); *Johnson v. Cain*, Civ. Action No. 15-310 "R" (2) (E.D. La. Jun. 4, 2015) (ECF No. 15 at 2-4, footnotes omitted).

[5] State Record Volume (hereafter "St. R. Vol.") 1 of 4, 1973 Certificate of Parole, 7/24/73.

[6] *Id*.

[7] St. R. Vol. 1 of 4, La. Board of Parole Letter, 6/12/75; Warrant, 6/3/75.

[8] St. R. Vol. 1 of 4, DOC Letter, 10/6/76.

the Louisiana Department of Corrections, per LA. REV. STAT. ANN. § 15:574.10, Johnson's state parole was automatically revoked upon his March 1, 1976, conviction on these charges without need for a revocation hearing.[9]   The revocation left him with two years and eight months to serve on the balance of the original sentence.[10]

On April 9, 1976, Johnson was taken into federal custody to begin serving the federal sentence imposed in this federal district court on March 3, 1976.[11]   While in federal custody, detainers were issued for Johnson and his federal facility transfers closely followed awaiting his return to Louisiana upon completion of the federal sentence.[12]

Johnson remained in federal custody until August 2, 2013, when he was granted parole by the United States Parole Board.[13]   He was transferred to the county sheriff in Rochester, Minnesota per the Louisiana detainers and the State of Minnesota's complaint against Johnson as a felony fugitive from justice in Louisiana.[14]   On August 13, 2013, the State of Louisiana applied for Johnson's return as a fugitive to serve his sentence.[15]   The Minnesota Governor ordered Johnson's return to Louisiana on November 17, 2013, to serve the parole term and the 1976 sentences totaling more than 101 years in DOC custody.[16]

---

[9] St. R. Vol. 1 of 4, DOC Letter, 4/21/81; DOC Letter, 11/8/76.

[10] St. R. Vol. 1 of 4, Records Office Memo, 4/1/15.

[11] St. R. Vol. 1 of 4, DOC Affidavit, 8/13/13; Sentence Calculation Record, 4/9/76; District Attorney's Letter, 4/2/76.

[12] See St. R. Vol. 1 of 4, District Attorney's Letter, 12/28/78; Current Detainer List, 11/18/10; DOC Master Record at 2 (Transfer Information), 2/3/14; see also id., DOC Letter, 10/6/76; BOP Letter, 10/15/76; DOC Letter, 11/8/76.

[13] St. R. Vol. 1 of 4, Federal Certificate of Parole, 8/2/13; Application for Requisition, 8/13/13; see also id., DOC Master Record at 2 (Transfer Information), 2/3/14.

[14] St. R. Vol. 1 of 4, Minnesota Order of Detention, 8/2/13; Application for Requisition, 8/13/13; see also id., DOC Master Record at 2 (Transfer Information), 2/3/14.

[15] St. R. Vol. 1 of 4, Louisiana Executive Order, 8/13/13; Application for Requisition, 8/13/13.

[16] St. R. Vol. 1 of 4, Minnesota Executive Order, 9/10/13; DOC Master Record at 2 (Transfer Information) 2/3/14.

On March 3, 2016, Johnson filed a grievance complaint through the DOC Administrative Review Procedure ("ARP") at Elayn Hunt Correctional Center ("Hunt"), where he was housed, bearing number EHCC-2016-371. [17]   He requested administrative review of his claims that he received no revocation hearing for his parole after his arrest in 1975, and any term of parole remaining would have expired before he was taken into federal custody in 1976, leaving nothing to support the 2013 fugitive warrant.[18]   On June 2, 2016, officials at Hunt provided the first response denying him relief because he was properly serving his state sentence. [19]   His administrative appeal to the DOC was also denied on September 15, 2016.[20]

On October 3, 2016, Johnson signed and submitted an application for post-conviction relief to the state trial court in Terrebonne Parish asserting the following grounds for relief:

(1)    The state trial court committed clear and obvious error by not giving petitioner credit for time served while in federal custody, and a probation hearing was not held as required by LA. CODE CRIM. PROC. arts. 880, 883.1 and 901;

(2)    The errors affected petitioner's substantial rights and in imposition of his sentence; and

(3)    The errors seriously affected fairness and integrity, and plain error warranted his release from custody.[21]

On December 12, 2016, the state trial court denied relief citing this federal court's prior rulings. The court held that Johnson was required to seek administrative review through the 19th Judicial District Court for East Baton Rouge Parish, Louisiana, and that his post-conviction application

---

[17] St. R. Vol. 1 of 4, Initial EHCC 2016-371, dated 5/3/16.

[18] *Id.*

[19] St. R. Vol. 1 of 4, DOC Offenders Relief Request Form, EHCC 2016-371, 5/5/16; First Step Response Form, EHCC 2016-371, 6/2/16.

[20] St. R. Vol. 1 of 4, Second Step Request Form, 9/15/16.

[21] St. R. Vol. 2 of 4, Application for Post-Conviction Relief, 10/13/16 (dated 10/3/16).

otherwise was untimely filed under LA. CODE CRIM. PROC. art. 930.8.[22]   He did not seek review of this ruling.

Instead, on February 9, 2017, Johnson filed as instructed for review of the denial of his ARP complaint in the 19th Judicial District Court.[23]   On December 7, 2017, the Commissioner's Report recommended denial of relief.   The commissioner resolved that, under Louisiana law, Johnson's parole was automatically revoked upon his conviction for the subsequent felonies, he had no right to appeal the revocation, and the felony sentences were to be served consecutively to the revocation sentence.[24]

On February 21, 2018, after receipt of additional briefing, the state district judge adopted the Commissioner's Report and dismissed Johnson's case.[25]   By order issued April 4, 2018, the Louisiana First Circuit Court of Appeal denied Johnson's subsequent writ application as procedurally improper.[26]   The court notified him that he was required to file a notice of appeal in the state district court to obtain appellate review of the state trial court's final judgment.[27]   Johnson did not comply.   He instead filed a writ application with the Louisiana Supreme Court which was denied without stated reasons on October 1, 2019.[28]

---

[22] St. R. Vol. 2 of 4, Trial Court Order, 12/12/16; Trial Court Order of Finality, 12/12/16; Trial Court Order (2), 12/12/16.

[23] St. R. Vol. 1 of 4, Petition for Judicial Review, *Johnson v. Dept. of Corrs.*, No. 655086 (19th JDC 2/9/17).

[24] St. R. Vol. 1 of 4, Commissioner's Report, pp. 5-6, 12/7/17.

[25] St. R. Vol. 1 of 4, 19th JDC Judgment, 2/21/18; *see also* 19th JDC Order, 4/18/16; Traverse, 1/1/17; State's Answer, 3/10/17; Traverse, 1/4/18.

[26] St. R. Vol. 4 of 4, 1st Cir. Order, 2018-CW-0374, 4/4/18; St. R. Vol. 3 of 4, 1st Cir. Writ Application, 2018-CW-0374, 3/9/18.

[27] St. R. Vol. 4 of 4, 1st Cir. Order, 2018-CW-0374, 4/4/18.

[28] *Johnson v. La. Dept. of Pub. Safety and Corrs.*, 280 So. 3d 164 (La. 2019); St. R. Vol. 4 of 4, La. S. Ct. Order, 2018-CI-01546, 10/1/19; La. S. Ct. Writ Application, 18-CI-1546, 9/19/18.

## II.    FEDERAL HABEAS PETITIONS

### A.    Civ. Action No. 06-254 "R" (2)

Johnson filed his first § 2241 petition on June 9, 2005, in the United States District Court for the Eastern District of Texas.[29]   The case was transferred to this court on January 27, 2006 under Civil Action No. 06-254 "R" (2).[30]   At the time, Johnson was still in federal custody. Johnson asserted that the State detainers issued to ensure his return to state custody after completion of his federal sentence were invalid because the State permanently relinquished its custody over him when he was delivered into federal custody on April 9, 1976.[31]   He based his arguments on two theories: (1) when he was released to federal custody, the State issued no writ of habeas corpus ad prosequendum to limit the nature of his release to the federal authorities; and (2) the State could not interrupt the serving of a state court sentence for him to begin serving the federal sentence without permanently releasing him from the state sentence he was already serving.[32]   The State responded to the petition indicating that no detainers could be located to adequately respond to Johnson's petition.[33]

On July 18, 2006, this court denied Johnson relief, finding that his challenge to the detainers and execution of his sentence was properly considered under § 2241.[34]   The court held that, even if Johnson had already begun to serve his state sentence, he had no standing to challenge the custody transfer agreed upon between the state and the federal officials, and the transfer did not

---

[29] Civ. Action No. 06-254 "R" (2), ECF No. 1 at 1, 6-17 (E.D. La.).
[30] *Id*. at 1.
[31] *Id*. at 6-17; *id*., ECF No. 9 at 2.
[32] *Id*., ECF No. 9 at 2.
[33] *Id*., ECF No. 7.
[34] *Id*., ECF No. 9.

deprive the State of their custodial powers even without a writ limiting the purpose of the transfer.[35] This court and the United States Fifth Circuit Court of Appeals denied Johnson's requests for issuance of a certificate of appealability.[36]

### B.    Civ. Action No. 15-310 "R" (2)

On January 28, 2015, Johnson filed a petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 with this court, asserting that his custody related to the 1976 parole violation was illegal and imposed without due process because he was never provided with a parole revocation hearing before being transferred to federal custody.[37]  He also argued that the retention warrant signed by the Governor of Minnesota to accomplish his transfer from the federal prison there to the Louisiana DOC was invalid and void because it wrongly described him as a fugitive from justice in Louisiana, which was factually incorrect.[38]  He further argued that the State of Louisiana implicitly pardoned him or otherwise excused him from serving the balance of his state sentences when the State voluntarily transferred him into federal custody in 1976 without requiring that he first serve his state sentence, leaving no Louisiana sentence remaining for him to serve either for the parole violation or for the prior state convictions.[39]

The State responded asserting that the § 2254 petition should be denied as time-barred and filed a motion for summary judgment seeking dismissal for Johnson's failure to exhaust state court review.[40]

---

[35] *Id.*, ECF Nos. 9, 10.
[36] *Id.*, ECF Nos. 18, 26.
[37] Civ. Action No. 15-310 "R" (2), ECF No. 1.
[38] *Id.*
[39] *Id.*
[40] *Id.*, ECF Nos. 12, 13.

On recommendation of the assigned magistrate judge, on March 9, 2016, the court construed the petition as seeking relief under § 2241 and dismissed Johnson's petition without prejudice for failure to exhaust state court administrative and post-conviction review.[41]  Johnson did not seek review of this ruling.

C.  **Current Federal Petition**

On December 11, 2019, after correction of certain deficiencies, the clerk of court filed Johnson's petition for federal habeas corpus relief styled under 28 U.S.C. § 2254 and challenging his current custody.[42]  Johnson later filed a supplemental petition on December 11, 2019.[43] Broadly construing his *pro se* pleadings, Johnson asserts the following grounds for the court to find that he is being illegally held without a state sentence to serve:

(1)     Contrary to due process requirements under LA. CODE CRIM. PROC. arts. 883.1 and 901, he was not given a parole revocation hearing in 1976, or upon his return in 2013, and his remaining state sentence has been made illegally to run consecutive to the federal sentence;

(2)     He has been denied credit for the time he served on his state sentence before his transfer to federal custody;

(3)     The rendition warrant issued by the Governor of Minnesota was invalid because he did not flee from Louisiana nor was he a fugitive;

(4)     His involuntary transfer into federal custody in 1976 acted to implicitly pardon his state sentence or alternatively, commuted or pardoned the sentence with no further legal effect; and

(5)     Louisiana was not a member of the Interstate Agreement on Detainers, so once he was released to serve his federal sentence, the State relinquished any custodial hold on him.[44]

---

[41] *Id.*, ECF Nos. 15, 17, 18.   The court could not at the time have determined successiveness and abuse of the writ based on the unexhausted claims in that petition.
[42] ECF Doc. No. 4.
[43] ECF Doc. No. 7.
[44] ECF No. 4-1, at 2-5; ECF No. 7.

Johnson also represents that he now has fully exhausted state court administrative review as instructed by this court in his prior habeas proceeding.[45]

On January 10, 2020, the respondents through the St. John the Baptist District Attorney's Office, filed an answer and memorandum in opposition to Johnson's federal petition urging the court to consider the petition under § 2254 and the applicable AEDPA[46] gate-keeping provisions, rather than under the general habeas provisions of § 2241 as it has done before.   As such, the State argues that Johnson's petition should be dismissed as untimely and prohibitively successive. Alternatively, the State also contends that his claim that his parole was not revoked because he was denied a parole hearing is meritless.[47]   Johnson filed two replies to the State's opposition response re-urging the court to consider the merits of his arguments and grant him relief from his sentence.[48]

For the following reasons, Johnson's petition should be addressed under the provisions of 28 U.S.C. § 2241, and denied as successive and an abuse of the writ.

## III.   SECTION 2241 NATURE OF PETITION

Johnson's initial pleading in this case was not on a form and did not clearly identify the basis for the habeas corpus relief sought.[49]   The handwritten pleading was construed and filed by the clerk of court as one seeking habeas corpus relief under 28 U.S.C.§ 2254.   The State responded to the petition urging, as it has done before, that it be reviewed under § 2254 and the AEDPA.[50]

---

[45] *Id*.

[46] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254.

[47] ECF Nos. 12, 12-1.

[48] ECF Nos. 14, 15.

[49] ECF No. 1 (initial deficient petition); ECF No. 4-1.

[50] ECF No. 12.

As this court has held before, Johnson is challenging the calculation and execution of his state sentence and not the constitutional validity of the actual judgment of conviction or the sentence itself imposed in 1976 or that of his prior conviction leading to his parole revocation in 1976.   The substance of his petition challenges the prison officials' authority to accept and retain custody over him as a result of what he alleges to be an invalid fugitive warrant and to force him to serve sentences he believes have either expired, were implicitly pardoned, or were imposed without a parole revocation proceeding.

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."[51] Section 2254 specifically "confers jurisdiction upon the federal courts to hear collateral attacks on state court judgments."[52]   If a prisoner is challenging the legality of his state conviction or the sentence imposed by the state trial court to obtain release from custody, § 2254 is the proper habeas remedy.[53]

Under § 2241, the federal courts have general jurisdictional to consider habeas corpus challenges to state and federal detention that do not directly implicate the underlying conviction and sentence.[54]   Further, §2241 is recognized as the proper habeas remedy if a prisoner

---

[51] *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Cook v. Tex. Dep't of Crim. Just. Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994).

[52] *Carmona v. Andrews*, 357 F.3d 535, 537 (5th Cir. 2004) (citing *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000)).

[53] *See Stewart v. Cain*, 71 F.3d 879 (5th Cir. 1995) ("Because Stewart is not challenging the legality of his conviction or the validity of his initial sentence, however, he is not entitled to relief under § 2254. . . . Stewart is attacking the manner in which his sentence is being executed; thus, his petition for writ of habeas corpus is more properly construed as seeking relief pursuant to § 2241." (citations omitted)).

[54] *Story v. Collins*, 920 F.2d 1247, 1250 (5th Cir. 1991).

"challenges the execution of his sentence rather than the validity of his conviction and sentence."[55] Thus, a petition for writ of habeas corpus that "attacks the manner in which a sentence is carried out or *the prison authorities' determination of its duration*," including *parole issues*, is properly considered under the general habeas authority of § 2241.[56]

As this court found in Johnson's prior, similar habeas petitions, he challenges the calculation and execution of his sentence by the Louisiana authorities. His petition should be considered under 28 U.S.C. § 2241.

## IV.   <u>PROCEDURAL DEFENSES</u>

### A.   <u>This Court is a Proper Venue</u>

Section 2241(d) allows a state prisoner, like Johnson, who is held in a state with multiple federal districts, like Louisiana, to file a federal habeas corpus petition either in the district where he is confined or where he was convicted.[57]   In § 2241(d) cases, federal courts have ordinarily held that the most appropriate venue for challenges to the *execution or implementation* of the sentence is the district where the petitioner is in custody, and challenges to the *legality* of the

---

[55] *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992) (comparing §§ 2241 and 2255); *Stewart*, 71 F.3d at 879; *see also United States v. Melbert*, 410 F. App'x 750, 752 (5th Cir. 2010) ("Insofar as Melbert is challenging the manner in which his sentence is being executed and he is seeking credit on his federal sentence for prior custody, his motion was properly construed by the district court as arising under 28 U.S.C. § 2241.")

[56] *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (emphasis added); *Richie v. Scott*, 70 F.3d 1269 (5th Cir. 1995) ("Habeas petitions challenging the revocation of the petitioner's parole sound under § 2241."); *see also Leonard v. Upton*, No. 10-1869, 2010 WL 5141879, at * 1 (E.D. La. Dec. 9, 2010) (Section 2241 proceeding where inmate challenged the failure of the Louisiana DOC to run his state parole revocation time concurrently to his federal prison time or, alternatively, his state parole revocation time was satisfied and he should have been discharged rather than transferred to state custody on a detainer upon completion of his federal time); *Robinson v. Miss. St. Bd. of Prob. and Par.*, No. 06-615, 2007 WL 325795, at *1 (S.D. Miss. Jan. 31, 2007) (challenge to parole detainer placed while inmate was serving federal sentence considered under § 2241); *Mathis v. United States*, 75 F. App'x 238, 2003 WL 22080752, at *1 (5th Cir. Sep. 9, 2003) (Section 2241 petition challenging credit due inmate for time served in state custody toward federal sentence where detainer was placed on him while he was in state prison).

[57] *Wadsworth*, 235 F.3d at 960-61.

conviction or sentence are best heard in the district where the state conviction and sentencing occurred.[58]    The Fifth Circuit has explained the basis for the choice of venue as one of convenience:

> Under 28 U.S.C. § 2241(d), state convicts may file federal habeas corpus petitions in the district where they are confined or where they were convicted.    The purpose of this, of course, is to provide a more convenient forum for witnesses. . . . Section 2241(d) militates in favor of filing the applicant's petition in . . . the division where the witnesses are located, rather than in . . . the division in which the applicant is confined.[59]

Johnson was convicted in St. John the Baptist Parish within this district in 1976 and is currently confined in the Louisiana State Penitentiary in West Feliciana Parish within the Middle District of Louisiana.    His petition, however, challenges the manner in which his current custodian at the Louisiana State Penitentiary and the DOC, headquartered in East Baton Rouge Parish, both located within the Middle District, are calculating and executing his sentence.    While the Middle District of Louisiana would be the more convenient and appropriate venue for Johnson to pursue his habeas claims, this court is one of the possible venues recognized under § 2241(d). Accordingly, this court is a proper venue and has authority to consider Johnson's § 2241 petition.[60]

## B.    Statute of Limitations Not Applicable to § 2241 Petitions

The State argues in its opposition that, as a § 2254 petition, Johnson's petition should be dismissed as untimely filed under 28 U.S.C. § 2244(d).    The State argues that the petition was filed more than one year after Johnson's conviction was final in 1977 and filed long after expiration

---

[58] *Story*, 920 F.2d at 1250-51; *see Pack*, 218 F.3d at 451 (a § 2241 petition challenging the execution of a sentence "must be filed in the same district where the prisoner is incarcerated."); *Frees v. Maye*, 441 F. App'x 285, 286 (5th Cir. 2011) (same).

[59] *Mitchell v. Henderson*, 432 F.2d 435, 436 (5th Cir. 1970) (citation omitted).

[60] *See Carmona*, 357 F.3d at 535 (addressing venue for § 2254 petition challenging parole revocation by the Louisiana Board of Parole).

of the one-year grace period allowed following passage of the AEDPA.[61]   The State also argues that Johnson is not entitled to statutory or equitable tolling.[62]   The State's limitations defense, however, must be rejected because it does not apply to § 2241 petitions.

For the reasons given above, Johnson's petition is appropriately considered under § 2241. The AEDPA's amendment to § 2244 to create a limitations period for § 2254 and § 2255 petitions did not include one for § 2241 petitions.[63]   Thus, § 2241 petitions do *not* have a statute of limitations, and courts have not extended the AEDPA's one-year statute of limitations to § 2241 petitions.[64]   Furthermore, the United States Supreme Court has clarified that "[t]he limitations imposed by § 2244(b) apply only to a 'habeas corpus application under § 2254[.]'"[65]

In the absence of controlling authority clearly indicating that the AEDPA's one-year statute of limitations applies to § 2241 petitions, I cannot recommend its application here.   For the foregoing reasons, the State's limitations defense is rejected.

---

[61] ECF No. 12-1 at 3-4.   A § 2254 petition ordinarily must be filed within one year from finality of the state court or discovery of the factual predicate for the claim asserted.   *Duncan v. Walker*, 533 U.S. 167, 179-80 (2001) (citing 28 U.S.C. § 2244(d)).   The Fifth Circuit also granted all habeas petitioners with convictions final before the AEDPA a one-year grace period from April 24, 1996, the effective date of the AEDPA, within which to file timely petitions under § 2254 and § 2255.   *Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998) (grace period for § 2254); *United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998) (grace period for § 2255).

[62] ECF No. 12-1 at 4.   The AEDPA provides for interruption of the one-year limitations period to exclude "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . ."   28 U.S.C. § 2244(d)(2).   In addition, the United States Supreme Court has held that limitations period in § 2244(d)(1) may be equitably tolled when the petitioner has pursued his rights diligently and rare or extraordinary circumstances exist that actively misled or prevented the petitioner from timely asserting his rights.   *Pace v. DiGuglielmo*, 544 U.S. 408, 418-19 (2005); *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

[63] *Homayun v. Cravener*, 39 F. Supp. 2d 837 (S.D. Tx. 1999) (citing *Sandoval v. Reno*, 166 F.3d 225, 234 (3d Cir. 1999) and *Goncalves v. Reno*, 144 F.3d 110, 120 (1st Cir. 1998)).

[64] *Hartfield v. Quarterman*, 603 F. Supp. 2d 943, 948 (S.D. Tex. 2009) (citing *Day v. McDonough*, 547 U.S. 198, 202 n.1 (2006)); *Williams v. Louisiana's A.G.'s Office*, No. 07-603, 2007 WL 2915078, at *3 (E.D. La. Oct. 4, 2007) (Order adopting report and recommendation).

[65] *Magwood v. Patterson*, 561 U.S. 320, 332 (2010).

C.    <u>**Successiveness and Abuse of the Writ as Bars to § 2241**</u>

The State also urges that the court decline jurisdiction over Johnson's petition (as a § 2254 petition) because it is a prohibited second or successive habeas petition barred from review under 28 U.S.C. § 2244.[66]   As support, the State references this court's denial on the merits of Johnson's 2006 § 2241 habeas petition.   Although the State references provision applicable to § 2254 petitions, the successiveness and abuse of the writ doctrines are similarly applicable to Johnson's § 2241 petition.

A habeas corpus petition is not a prohibited second or successive one, or an abuse of the writ, however, simply because it follows an earlier federal petition. [67]    The courts have traditionally defined a petition as impermissibly successive when it: "(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ."[68]   This includes applications "filed after a previous application was fully adjudicated on the merits . . . even if it contains claims never before raised."[69]

In considering the successiveness of § 2241 petitions, the Fifth Circuit has held that "[t]he specific limitations on filing successive 28 U.S.C. § 2255 motions and 28 U.S.C. § 2254 habeas petitions that were enacted as 28 U.S.C. § 2244(b) under the AEDPA do not literally apply to 28 U.S.C. § 2241 habeas petitions."[70]   The Fifth Circuit instead has confirmed that district courts

---

[66] ECF 12-1 at 6-7.

[67] *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998); *Hartfield v. Osborne*, 808 F.3d 1066, 1074 n.3 (5th Cir. 2015) (dismissal of § 2241 petition does not necessarily bar a state prisoner from later filing a § 2254 petition).

[68] *In re Cain*, 137 F.3d at 235.

[69] *Graham v. Johnson*, 168 F.3d 762, 774 n. 7 (5th Cir. 1999) (citing *Felker v. Turpin*, 518 U.S. 651, 655-58, 662-63 (1996)).

[70] *Ortloff v. Fleming*, 88 F. App'x 715, 716 (5th Cir. 2004) (citing *Zayas v. INS*, 311 F.3d 247, 256-57 (3d Cir. 2002)); *Davidson v. U.S. Dep't of Just.*, 239 F.3d 366, 2000 WL 1741633, at *1 (5th Cir. 2000); *see Williams v. Tamez*, 466 F. App'x 326, 327 (5th Cir. 2012) (affirming dismissal of successive § 2241 petition

maintain discretionary authority to dismiss successive § 2241 petitions under pre-AEDPA standards.

> A second or successive habeas petition that raises a claim for the first time is generally regarded as an abuse of the writ, unless the petitioner can show cause for his failure to raise the claim and prejudice from the errors which form the basis of his complaint; or that a refusal to hear the claim will result in a fundamental miscarriage of justice.  *McCleskey v. Zant*, 499 U.S. 467, 493-95 (1991).[71]

The Supreme Court also recently commented on the strength of the pre-AEDPA abuse-of-the-writ doctrine:

> Before AEDPA, "abuse-of-the-writ principles limit[ed] a [habeas applicant's] ability to file repetitive petitions."  *McCleskey v. Zant*, 499 U.S. 467, 483 (1991).  That doctrine was more forgiving than AEDPA's gatekeeping provision - for example, enabling courts to hear a second or successive petition if the "ends of justice" warranted doing so.  *Id*. at 485, 111 S. Ct. 1454.  But the rule against repetitive litigation still had plenty of bite.   It demanded the dismissal of successive applications except in "rare case[s]."[72]

Under these pre-AEDPA, *McCleskey* standards,[73]  a petition is "second or successive" if it contains a new claim that the petitioner could have raised in a prior petition and the petitioner's failure to raise the claim is inexcusable.[74]   Likewise, "a petitioner may abuse the writ by failing to raise a [new] claim through inexcusable neglect" or deliberate abandonment.[75]   "A federal habeas court's power to excuse these types of defaulted claims derives from the court's equitable discretion."[76]

---

as abuse of the writ); *Jennings v. Menifee*, 214 F. App'x 406, 407 (5th Cir. 2007) (same).

[71] *Gilbert v. Purdy*, 192 F.3d 126 (5th Cir. 1999) (affirming district court's dismissal of a third § 2241 petition containing new claims as an abuse of the writ); *see also Felker*, 518 U.S. at 664 (the AEDPA codified *McCleskey*'s modified *res judicata* rule known as the abuse-of-the-writ doctrine).

[72] *Bannister v. Davis*, 140 S. Ct. 1698, 1707 (2020).

[73] *See also Slack v. McDaniel*, 529 U.S. 473, 486 (2000) (the definition of "second or successive" would be the same under AEDPA and pre-AEDPA law); *In re Cain*, 137 F.3d at 236 (courts should interpret the meaning of "second or successive" using pre-AEDPA abuse-of-the-writ standards).

[74] *McCleskey*, 499 U.S. at 489.

[75] *Id*.

[76] *Id*.

Therefore, the decision to dismiss successive § 2241 petitions as an abuse of the writ lies within the sound discretion of the district court although not mandated by statute.[77]

Under the abuse-of-the-writ doctrine, the petition must be dismissed unless the petitioner can show both "cause" and "prejudice" for failing to include the new claims in a previous petition or that a fundamental miscarriage of justice will occur if his petition is not considered.[78] To establish "cause," a petitioner must demonstrate that "government interference or the reasonable unavailability of the factual basis for the claim . . . prevented [him] . . . from raising the claim."[79] Moreover, if the petitioner knew of the factual predicate for his claims before filing his first federal petition, he is barred from raising those claims in a later petition.[80] To show prejudice, a petitioner must demonstrate a reasonable probability that, but for the alleged error, the result of the proceeding would have been different.[81] A "fundamental miscarriage of justice" occurs only if the petitioner is actually innocent of the crime of conviction.[82] Applying these standards to Johnson's current petition, which now contains his fully exhausted claims, I find that it is a successive petition and constitutes an abuse of the writ.

---

[77] *See Davidson*, 2000 WL 1741633, at *1 (characterizing such a dismissal as "discretionary" and addressing an appeal of such a dismissal under an abuse of discretion standard); *accord Sanders v. United States*, 373 U.S. 1, 12 (1963) (recognizing that a predecessor to current statute did "not enact a rigid rule", but instead permits rather than compels a judge "to decline to entertain" a successive application); *McGary v. Scott*, 27 F.3d 181, 183 (5th Cir. 1994) (recognizing that the "decision to dismiss a second or subsequent federal habeas petition for abuse of the writ lies within its sound discretion. . ."); *Sinclair v. Blackburn*, 599 F.2d 673, 675 (5th Cir. 1979) (relying on *Sanders*, § 2244(b) as it then existed, and Rule 9(b) as it then existed).

[78] *McCleskey*, 499 U.S. at 494-95; *Murray v. Carrier*, 477 U.S. 478, 494 (1986) (rejecting the proposition that showing of prejudice permits relief in the absence of cause).

[79] *McGary*, 27 F.3d at 184; *McCleskey*, 499 U.S. at 494, 498.

[80] *Crone v. Cockrell*, 324 F.3d 833, 837 (5th Cir. 2003).

[81] *Sawyer v. Whitley*, 505 U.S. 333, 363-64 (1992).

[82] *Id*. at 505 U.S. at 339; *Montoya v. Collins*, 988 F.2d 11, 13 (5th Cir. 1993).

**D.    Johnson's Claims in this Petition**

Johnson's current petition contains a mix of claims previously asserted, claims that could have been previously asserted, and claims that perhaps could not have been previously asserted. Nevertheless, the petition itself is still a prohibited successive *petition*.[83]  To be clear, it is the **petition**, not the individual **claims**, that is to be dismissed if the *petition* is successive or constitutes an abuse of the writ under the *McCleskey* standards.[84]  The claims merely guide the court's interpretation of the successive or abusive nature of the petition.

**1.  Second Challenge to the 1976 Detainer(s)**

Johnson's current petition is impermissibly successive because it includes several claims and arguments already addressed by this court on the merits in 2006.   In 2006, Johnson challenged the validity of the circa 1976 detainer(s) issued by the State of Louisiana.   Among his arguments was a claim that, by relinquishing him to the federal authorities in April of 1976, after he began serving his state sentence, the State of Louisiana relinquished custody (or jurisdiction) over him without reserving or requiring his return to complete the state sentences.   This court found the claims legally and factually meritless.

Johnson presents the same arguments here (federal claims four and five, above) among his other new claims.   The well-reasoned opinion of this court in 2006 comprehensively addressed the substance of Johnson's claims that the detainers were invalid and that the State relinquished jurisdiction and implicitly pardoned his sentence.   Under the standards recognized above, the current petition is successive.

---

[83] *See United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000) (an *application* is second or successive when it raises a *claim* that was or could have been raised in an earlier petition); *Hubbard v. Cockrell*, No. 01-CV-1539, 2001 WL 1148274, at *2 (N.D. Tex. Sept. 18, 2001).

[84] *Orozco-Ramirez*, 211 F.3d at 867.

**2.      New Claims that Could Have Been Raised in the 2006 Petition**

Johnson asserts three new claims not included in his 2006 habeas petition.    Two of those new claims, however, clearly could have been raised in the earlier 2006 habeas petition, rendering this petition an abuse of the writ.    Specifically, Johnson challenges the lack of a parole revocation hearing and award of credit for time served prior to his transfer into federal custody.    The factual basis for both claims were known to Johnson when he filed the 2006 petition and were inexplicably excluded from that petition.    Indeed, as far back as 1981, Johnson questioned the DOC about his detainers and lack of parole revocation hearing, and he received a letter dated April 21, 1981, in which the DOC advised him of the status of his parole revocation:

> Your parole was automatically revoked after you were convicted in state court of armed robbery charges March 1, 1976.    See La. Revised Statutes 15:574.10 and Louisiana Supreme Court case entitled State of Louisiana ex rel Theda Bertrand No 56501 January 19, 1976. [sic] 325 So.2d 788.
> Even if your parole was not revoked, you still would not be entitled to a speedy revocation hearing, as the U.S. Supreme Court put this issue to rest in Moody vs Dagget, November 15, 1976.[85]

Later that same year, Johnson sought a United States Congressman's assistance in confirming that Louisiana was not at the time part of the Interstate Agreement on Detainers, which he claims supported his position in 2006 (and now) that the detainers were improper and his transfer acted to release him from his state sentence.[86]    Johnson also possessed a copy of his Louisiana sentence computation record dated November 4, 2002, showing that upon his return from federal custody, he would serve both of the 99-year state sentences for the underlying convictions and the state parole revocation term.[87]

---

[85] St. R. Vol. 1 of 4, DOC Letter, 4/21/81.
[86] St. R. Vol. 1 of 4, Lindy Boggs' Congressional Letter (with attachment), 11/3/81.
[87] St. R. Vol. 1 of 4, Sentence Monitoring Computation Data, 11/4/02 (2 pages).

Reviewing his pleadings, Johnson had knowledge of the factual basis of his claims related to the parole hearing, revocation sentence, and credit for time served before he filed his 2006 federal petition.   Johnson provides no cause for his failure to assert the claims in his 2006 petition. Asserting the claims in this petition is an abuse of the writ.

### 3.    New Claim relating to the 2013 Minnesota Rendition Order

Johnson also includes a new claim challenging the 2013 Minnesota rendition order.   While the 2013 Order had not yet been issued before his 2006 petition, it is no less a claim included in a successive *petition*, which is not entitled to this court's review.   Further, Johnson has shown no prejudice that would result from this court's decision not to review the claim or the petition.

Johnson's challenge to the documents from Minnesota and related Louisiana documents is based on the use of the terms "fled from justice" and "fugitive" to describe him in those documents.[88]   Johnson claims he was never a fugitive, which *he* defines as voluntarily absent from Louisiana.   He argues that he was not a fugitive, because he was purposefully and voluntarily surrendered by Louisiana to federal authorities resulting in his transfer out of state.   However, Louisiana has long recognized that, for purposes of detainers and extradition, the term "fugitive from justice" refers simply to a person answerable to a crime in Louisiana who can be found in another state:

> Ordinarily, in statutes relating to extradition the term "fugitive from justice" has reference to one who has committed an offense in one state or jurisdiction and is afterwards found in another.   Generally, the motive that induced his going from the state or jurisdiction, where the offense was committed, to another is immaterial. The mere fact that he has gone from the jurisdiction, where the offense was

---

[88] *See* St. R. Vol. 1 of 4, Minnesota Order of Detention, 8/2/13; Minnesota Executive Order, 9/10/13; Louisiana Executive Order, 8/13/13.

committed, into another is held sufficient to make him a "'fugitive from justice," within the meaning of the extradition statute.[89]

Louisiana law did not require a showing of cause or motive for Johnson's absence to designate him a fugitive in the detainer and rendition papers. His mere absence from the state was enough to support the language used in the rendition and transfer documents. Johnson, therefore, cannot show prejudice, i.e. that a different outcome would result, from the court's decision not to consider the claim or the successive petition.

## V.    CONCLUSION

Johnson has shown no cause or impediment that prevented him from bringing his claims in his 2006 petition nor any prejudice that would result from dismissal of this petition as successive and as an abuse of the writ. Johnson has not alleged, much less established, that he is actually innocent of the underlying crimes of armed robbery and murder (or the parole violation) which underlie his current sentences and incarceration. He therefore has not met his burden to overcome the bar to his § 2241 petition as successive and as an abuse of the writ.

For these reasons, Johnson's petition should be dismissed with prejudice as successive and as an abuse of the writ.[90]

---

[89] *State v. Stanton*, 209 La. 457, 469-70, 24 So.2d 819, 823 (La. 1949). The *Stanton* court went on to distinguish this definition from that used in other statutes that suspend prosecutorial limitations provisions when there is a voluntary absence by a fugitive. *Id*. at 823.

[90] Under post-AEDPA § 2244(b), district courts lack jurisdiction to consider a successive petition unless the circuit court authorizes the petitioner to proceed. In *In re Epps*, 127 F.3d 364 (5th Cir. 1997), the Fifth Circuit adopted a procedure for a successive habeas petition to be transferred from a district court under 28 U.S.C. § 1631 for consideration as a request for authorization and to cure jurisdiction. *In re Epps* implies that, instead of dismissal, transfer of successive habeas corpus petitions for review under § 2244 is proper. However, the Fifth Circuit has *not* yet determined whether the gate-keeping provisions of 28 U.S.C. § 2244(b) apply to § 2241 petitions. *See Davis v. Fechtel*, 150 F.3d 486, 490-91 (5th Cir.1998). As such, dismissal rather than transfer is recommended in this case.

## <u>RECOMMENDATION</u>

It is therefore **RECOMMENDED** that Johnson's petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2241 be **DISMISSED WITH PREJUDICE** as successive and an abuse of the writ.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[91]

New Orleans, Louisiana, this ____4th____ day of August, 2020.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[91] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).